IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

FILED
IN OPEN COURT

MAR - 7 2008

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | No. 1:08cr90 |
| v. | ) | |
| | ) | |
| WAVELAB, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## PLEA AGREEMENT

The United States of America and the defendant, WaveLab, Inc., have entered into an agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The terms of the agreement are as follows:

**1. Offense and Maximum Penalties**

WaveLab, Inc., through its authorized representative, Walter Zheng, a/k/a Goubau Zheng, the defendant's chief executive officer, agrees to plead guilty to a one-count criminal information charging WaveLab, Inc., with the unlicensed export of micro circuit power amplifiers (product number TGA2503-EPU) to the People's Republic of China, a felony violation of Title 50, United States Code, Section 1705(b). The maximum corporate penalties for this offense are a fine of $500,000, full restitution, and a special assessment.

**2. Factual Basis for the Plea**

The defendant will plead guilty because the defendant is in fact guilty of the charged offense. WaveLab, Inc., through Walter Zheng, admits the facts set forth in the statement of facts filed with this plea agreement and agrees that those facts establish guilt of the offense charged beyond a reasonable doubt. The statement of facts, which is hereby incorporated into this plea

agreement, constitutes a stipulation of facts for purposes of Section 1B1.2(a) of the Sentencing Guidelines.

3. **Assistance and Advice of Counsel**

The defendant is satisfied that the defendant's attorney has rendered effective assistance. The defendant understands that by entering into this agreement, the defendant surrenders certain rights as provided in this agreement. The defendant understands that the rights of corporate criminal defendants include the following:

    a. the right to plead not guilty and to persist in that plea;

    b. the right to a jury trial;

    c. the right to be represented by counsel at trial and at every other stage of the proceedings; and

    d. the right at trial to confront and cross-examine adverse witnesses, to introduce testimony and present evidence, and to compel the attendance of witnesses.

4. **Role of the Court and the Probation Office**

The defendant understands that the Court has jurisdiction and authority to impose any sentence within the statutory maximum described above but that the Court will determine the defendant's actual sentence in accordance with 18 U.S.C. § 3553(a). The defendant understands that the Court has not yet determined a sentence and that any estimate of the advisory sentencing range under the U.S. Sentencing Commission's Sentencing Guidelines Manual the defendant may have received from the defendant's counsel, the United States, or the Probation Office, is a prediction, not a promise, and is not binding on the United States, the Probation Office, or the

Court. Additionally, pursuant to the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), the Court, after considering the factors set forth in 18 U.S.C. § 3553(a), may impose a sentence above or below the advisory sentencing range, subject only to review by higher courts for reasonableness.

In light of the forfeiture that the defendant agrees to pay immediately upon the signing of this plea agreement, the United States agrees to take no position with respect to the amount of the fine that the Court should impose. The United States makes no promise or representation concerning what sentence the defendant will receive, and the defendant cannot withdraw a guilty plea based upon the actual sentence.

5.   **Waiver of Appeal, FOIA and Privacy Act Rights**

The defendant also understands that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Nonetheless, the defendant knowingly waives the right to appeal the conviction and any sentence within the statutory maximum described above (or the manner in which that sentence was determined) on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatsoever, in exchange for the concessions made by the United States in this plea agreement. This agreement does not affect the rights or obligations of the United States as set forth in Title 18, United States Code, Section 3742(b). The defendant also hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 552, or the Privacy Act, Title 5, United States Code, Section 552a.

6. **Waiver of DNA Testing**

The defendant also understands that Title 18, United States Code, Section 3600 affords a defendant the right to request DNA testing of evidence after conviction. Nonetheless, the defendant knowingly waives that right. The defendant further understands that this waiver applies to DNA testing of any items of evidence in this case that could be subjected to DNA testing, and that the waiver forecloses any opportunity to have evidence submitted for DNA testing in this case or in any post-conviction proceeding for any purpose, including to support a claim of innocence to the charges admitted in this plea agreement.

7. **Special Assessment**

Before sentencing in this case, the defendant agrees to pay a mandatory special assessment of one hundred dollars ($100.00) [handwritten: $400 or] per count of conviction.

8. **Payment of Monetary Penalties**

The defendant understands and agrees that, pursuant to Title 18, United States Code, Sections 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States as provided for in Section 3613. Furthermore, WaveLab, Inc., agrees to provide all of its financial information to the United States and the Probation Office and, if requested, to participate in a pre-sentencing debtor's examination. (If the Court imposes a schedule of payments, the defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.)

9. **Immunity from Further Prosecution in this District**

The United States will not further criminally prosecute the defendant in the Eastern District of Virginia for the specific conduct described in the information or statement of facts or for export violations arising from the export of controlled items occurring prior to the June 4, 2007, search of WaveLab, Inc., but only to the extent that such exports are reflected in documents seized during the search.

10. **Immunity for the Defendant's Chief Executive Officer**

The United States will not criminally prosecute the defendant's chief executive officer, Walter Zheng, a/k/a Goubao Zheng, in the Eastern District of Virginia for the specific conduct described in the information or statement of facts or for export violations arising from the export of controlled items occurring prior to the June 4, 2007, search of WaveLab, Inc., but only to the extent that such exports are reflected in documents seized during the search.

11. **The Defendant's License Application**

The United States agrees that following the Court's acceptance of the defendant's guilty plea, the U.S. Department of Commerce, Office of Export Enforcement, will remove its enforcement flag on WaveLab, Inc.'s pending license application Z705486, so that the application may be considered by the Office of Export Administration. The defendant understands and agrees that the United States has no other obligation with regard to the pending application; that no promises or representations have been made that a license ultimately will be approved by the Office of Export Administration or any other government agency involved in the decision-making process; and that this plea agreement binds only the United States Attorney's Office for the Eastern District of Virginia and does not bind any other government agency,

including any agency that may be involved in the decision to grant or deny an export license. The defendant will not be permitted to withdraw its guilty plea if an export license is not granted.

## 12. Forfeiture Agreement

Immediately upon the execution of this plea agreement, the defendant agrees to pay the sum of $85,000 in forfeiture of the proceeds of the offense. Payment shall be made by certified check or money order, payable to "U.S. Customs & Border Protection."

The defendant further agrees to waive his right, pursuant to FED. R. CRIM. P. 32.2(b)(4), to request a jury on the issue of whether the government has established the requisite nexus between the property sought for forfeiture and the offense to which the defendant agrees to plead guilty. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of FED. R. CRIM. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case.

## 13. Waiver of Further Review of Forfeiture

The defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant also waives any failure by the Court to advise the defendant of any applicable forfeiture at the time the guilty plea is accepted as required by Rule 11(b)(1)(J). The defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to have representatives testify truthfully in

any judicial forfeiture proceeding. The defendant understands and agrees that all property covered by this agreement is subject to forfeiture as either property involved in illegal conduct giving rise to forfeiture or substitute assets for property otherwise subject to forfeiture.

## 14. Breach of the Plea Agreement and Remedies

This agreement is effective when signed by the defendant, the defendant's attorney, Walter Zheng, and an attorney for the United States. The defendant agrees to entry of this plea agreement at the date and time scheduled with the Court by the United States (in consultation with the defendant's attorney). If the defendant withdraws from this agreement, or commits or attempts to commit any additional federal, state or local crimes, or if any representative intentionally gives materially false, incomplete, or misleading testimony or information, or otherwise violates any provision of this agreement, then:

    a.    The United States will be released from its obligations under this agreement, including any obligation to seek a downward departure or a reduction in sentence. The defendant, however, may not withdraw the guilty plea entered pursuant to this agreement;

    b.    The defendant will be subject to prosecution for any federal criminal violation, including, but not limited to, perjury and obstruction of justice, that is not time-barred by the applicable statute of limitations on the date this agreement is signed. Notwithstanding the subsequent expiration of the statute of limitations, in any such prosecution, the defendant agrees to waive any statute-of-limitations defense; and

      c.     Any prosecution, including the prosecution that is the subject of this agreement, may be premised upon any information provided, or statements made, by the defendant or its representatives, and all such information, statements, and leads derived therefrom may be used against the defendant. The defendant waives any right to claim that statements made before or after the date of this agreement, including the statement of facts accompanying this agreement or adopted by the defendant and any other statements made pursuant to this or any other agreement with the United States, should be excluded or suppressed under FED. R. EVID. 410, FED. R. CRIM. P. 11(f), the Sentencing Guidelines or any other provision of the Constitution or federal law.

Any alleged breach of this agreement by either party shall be determined by the Court in an appropriate proceeding at which the defendant's disclosures and documentary evidence shall be admissible and at which the moving party shall be required to establish a breach of the plea agreement by a preponderance of the evidence.

### 15.  Nature of the Agreement and Modifications

This written agreement constitutes the complete plea agreement between the United States and the defendant. The defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in writing in this plea agreement, to cause the defendant to plead guilty. Any modification of this plea agreement shall be valid only as set forth in writing in a supplemental or revised plea agreement signed by all parties. The undersigned corporate representative is authorized to enter this plea

agreement on behalf of the defendant as evidenced by the Resolutions of the Board of Directors of the defendant attached to, and incorporated by reference in, this plea agreement.

<u>Defendant's Signature</u>:  As corporate representative for defendant WaveLab, Inc., I have consulted with counsel for the defendant and fully understand all rights of the defendant with respect to the pending criminal information.  Further, I fully understand all rights with respect to 18 U.S.C. § 3553 and the provisions of the Sentencing Guidelines Manual that may apply in this

case. I have read this plea agreement and carefully reviewed every part of it with counsel for the defendant. I understand this agreement and voluntarily accept it on behalf of the defendant.

Date: 3/7/2008

Walter Zheng, a/k/a Goubau Zheng
Chief Executive Officer
WaveLab, Inc.
Defendant

<u>Defense Counsel Signature</u>: I am counsel for the defendant in this case. I have fully explained to the defendant the defendant's rights with respect to the pending criminal information. Further, I have reviewed 18 U.S.C. § 3553 and the Sentencing Guidelines Manual, and I have fully explained to the defendant the provisions that may apply in this case. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

Date: 3/7/08

Ruhan Zhang
Counsel for the Defendant

Respectfully submitted,

CHUCK ROSENBERG
UNITED STATES ATTORNEY

By: _____
James R. Gillis
Assistant United States Attorney